**FILED**

JUL 10 2017

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Theodore E. Powell, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-1135 (UNA) |
| | ) |
| Muriel Bowser *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a "Motion to Appeal," which has been docketed as a complaint [Dkt. # 1], and an application to proceed *in forma pauperis*. The Court will grant the application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a resident of Highland Springs, Virginia, and a former teacher with the District of Columbia Public Schools who was fired in November 2010. *See Powell v. Gray*, No. 14-cv-01997, 2014 WL 6734809, at *1 (D.D.C. Nov. 21, 2014). This action appears to be yet another attempt by plaintiff to challenge his termination. *See id.* (applying *res judicata* doctrine); Compl. at 16 (seeking reinstatement to a teaching position with back pay or full retirement). Only here, plaintiff complains about the D.C. Superior Court's decision denying his petition for agency review and affirming the decision of the Office of Employee Appeals, and the D.C. Court of Appeals' affirmance of that decision. *See* Compl.Caption and Compl. at 2-6; *Powell v. Bowser*, 2015 CA 004962 P (MPA) (D.C. Super. Ct.) (case docket).

1

Plaintiff has been told before that he "has no recourse in this Court" because " 'federal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts.' " *Powell v. Gray*, No. 13-cv-1568, 2013 WL 5615129, at *1 (D.D.C. Sept. 26, 2013) (quoting *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (other citations omitted)); *Powell*, 2014 WL 6734809, at *1. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C.1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (noting that "[b]y filing a complaint in this Court against . . . judges who have done nothing more than their duty . . . Fleming has instituted a meritless action") (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Consequently, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: July 6, 2017

United States District Judge